# MERRIMACK,

## DECEMBER TERM, A. D. 1844.

### MARTIN & a. *v.* MAYNARD.

A usage of a particular trade can not be given in evidence to show the true construction of a contract, unless it be further shown that the party to be affected by the usage was conversant of it, or in some way chargeable with notice of it.

A contracted with B to furnish him with the castings for a horse power, the wheel to be like one in operation in B's foundery. A took the castings home, and finding that the wheel had no hole in it for the shaft, which the sample wheel had, returned and refused to pay for the castings. Upon the trial B under objection introduced evidence of the usage of iron founders always to cast such wheels without the hole, which was afterward drilled by a machinist, and that he did all the ordinary work of an iron founder to the castings. The court ruled, that if the jury were satisfied that drilling the hole was no part of the business of an iron founder, but belonged to different artizans, and that the castings were in other respects within the contract, B was entitled to recover. *Held* that the ruling was erroneous.

ASSUMPSIT upon an account annexed for iron castings $19.80.

The evidence tended to show that the defendant contracted with the plaintiffs, who were iron founders, to cast for him a set of gearing for a horse power, the wheel to be like one which the plaintiffs then had in operation at their foundery; that the castings were made and delivered to the defendant who carried them home, where his workmen informed him that the wheel could not be used because it had no hole for the shaft; whereupon the defend-

---

Martin *v.* Maynard.

---

ant returned the castings and refused to pay for them, alleging that the wheel was not like the sample, which had such a hole. The plaintiffs who had refused to receive back the castings, under objection offered evidence to prove that drilling the hole was no part of the work of an iron founder, but was the business of a machinist, and that the sample wheel was so made.

The court instructed the jury, that if they were satisfied that drilling the hole in the wheel was no part of the business of an iron founder, but belonged to the business of another craftsman, and that the wheel cast was in other respects like the sample, the plaintiffs had fulfilled their contract and were entitled to recover, although the defendant when he made the contract supposed the whole work belonged to the business of the founder; and that returning the article did not relieve him, the contract having been fulfilled on the other part.

The jury returned a verdict for the plaintiffs, and the defendant moved for a new trial.

*Fowler*, for the defendant.

The contract is proved to have been a plain contract to execute a piece of work by sample, and it was not competent to vary it in any way by testimony, much less by mere proof of a usage not referred to in the contract and the knowledge of which is not brought home to the defendant. *Kendall* v. *Russell*, 5 Denio 501; 2 Sum. 570; 3 Cow. Phil. 1416, 1418; *Stevens* v. *Reeves*, 9 Pick. 198; 14 Pick. 143.

The ruling of the court was in effect that the understanding of one party to a contract may govern. The law is that a contract requires the mutual assent of the minds of two or more persons, and if the parties do not understand alike, there is no contract. Chitty on Cont. 8; 3 Johns. 534; 7 Johns. 425; *Hazard* v. *New-England Mar. Ins. Co.*, 1 Sum. 218; 4 Wheat. 225; Poth. Obl. 1.

The court should at least have let the jury find whether or not the defendant had knowledge of the usage. 3 Cow. Phil. 1412; 7 East 224; 17 Wend. 308; 7 Greenl. 32; 3 Greenl. 234.

*Ainsworth*, for the plaintiffs.

PARKER, C. J. The union of two minds is necessary to make a contract. Chitty on Cont. 9; *Hazard* v. *New-England Mar. Ins. Co.*, 1 Sum. 218.

If it appeared that the parties understood the contract differently, one that the article to be contracted for was to be made in one way and the other that it was to be made in a different way, perhaps in the want of mutual assent as to what was to be done there might be no contract. Poth. on Obl. 11.

So far as the words of this contract are concerned there was a union of two minds; that the plaintiff should cast for the defendant a set of gearing for a horse power, the wheel to be like the one in operation in the plaintiffs' foundery. What is the construction of this contract?

*Like* does not mean exactly similar in every respect. Immaterial variations would not be regarded under such a description. The wheel which was adopted as a standard having in it a hole for the shaft, is there any thing to show that a wheel without such a hole would be *like* within the intent of the parties? That the hole was material is evident, for the wheel could not be used without a shaft.

The plaintiffs do not rely upon the absence of this hole being immaterial, but upon the usage and custom of their trade to give a construction of the contract and limit the general operation of its terms. To show the usage alone however will not suffice. It must be further shown in order to prove that the usage entered into the contemplation of the parties in making the contract, that the defendant was conversant of it or in some way chargeable with

notice of it.   3 Cow. Phil. Ev. 1412;  *Stevens* v. *Reeves*, 9 Pick. 198.

Perhaps upon the point of the defendant's knowledge of the usage there is evidence for the jury.

*New trial granted.*